### ERNST v. CLEMENS et al.

No. 12323.

United States Court of Appeals
Ninth Circuit.

Nov. 9, 1950.

Rehearing Denied Dec. 15, 1950.

232

Alan Franklin, Los Angeles, Cal. (J. Calvin Brown, Los Angeles, Cal., of counsel), for appellant.

Herbert A. Huebner, Richard M. Worrel, Fresno, Cal., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

PER CURIAM.

The plaintiff-appellant alleged that a patent upon fruit or vegetable sacking device and a sack jigger was being infringed by defendants-appellees. The device may loosely be termed a semi-automatic machine in which a plurality of sacks is placed open and as fruit or vegetables are chuted into the sacks the latter are "jiggled" or shaken down. The defendants denied (briefly stated) in their answer that the patent or reissue patent was duly or legally issued or that the subject matter thereof involved any "invention", and alleged that the original patent was void as the prior art shows the alleged invention old and covered by prior patents, that the patent involved mere exercise of ordinary mechanical skill and judgment, that the alleged invention is not described "in such full, clear, concise or exact terms" as required by law, that there are intervening rights and that there is no infringement. The court caused the complaint to be dismissed after arriving at the following Conclusions of Law:

"2. That Claim 1 of the patent in suit, No. 2,288,159, is required to be narrowly construed and thus construed is valid.

"3. That Claim 1 of the patent in suit, Reissue 22,740, is required to be narrowly construed and thus construed is valid.

"4. That none of the accused devices infringes either of said Letters Patents in suit, No. 2,288,159 and Reissue 22,740.

"5. That the Complaint should be dismissed for want of equity."

We are of the opinion and hold that the Conclusions of Law and the judgment follow the court's Findings of Fact and that the latter are amply supported by the evidence. The court analyzed the issues in a memorandum contained in the record. We do not deem the issues of sufficient importance in patent law to justify embalming them by a written reasoned opinion in the law books.

Affirmed.